125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED SECURITY BANK, Plaintiff-Appellant,
v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant-Appellee.
 No. 96-16331.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1997.**
Decided Oct. 9, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Robert E. Coyle, Chief District Judge, Presiding; No. CV-95-05324-REC/SMS.
 Before: KOZINSKI, MAYER,*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 United Security Bank appeals the district court's grant of summary judgment against it in its diversity action against Fidelity & Deposit Company of Maryland regarding a fidelity bond issued to USB by Fidelity. USB sought coverage under the bond for expenses it incurred after its employees violated an IRS levy. The district court found that, under California law and the terms of the bond, none of the disputed expenses were covered by the bond. We affirm.
 
 
 3
 The district court ruled that coverage was precluded because the policy only insured "loss resulting directly from" employee dishonesty and excluded all damages not "resulting directly from" acts covered by the bond. We agree. The only direct loss was the amount diverted by USB's officers--$282,737. Fidelity has paid that.
 
 
 4
 USB argues that "loss resulting directly from" should be construed to mean "loss proximately caused by." USB's argument requires a strained reading of "direct loss" which has no support in California law and relies only on Pennsylvania law. See Jefferson Bank v. Progressive Cas. Ins. Co., 965 F.2d 1274, 1281 (3d Cir.1992). We agree with the many cases which reason that "direct" means "direct." For example, in a decision construing California law, we offered "damaged or lost property" as an example of direct loss and held that the bond must contain a third party claim clause in order to provide broader coverage. First American Title Ins. Co. v. St. Paul Fire & Marine Ins. Co., 971 F.2d 215, 218 (9th Cir.1991); see also Continental Corp. v. Aetna Cas. & Sur. Co., 892 F.2d 540, 547-48 (7th Cir.1989); Louisville & Jefferson County Metropolitan Sewer Dist. v. Travelers Ins. Co., 753 F.2d 533, 537 (6th Cir.1985); Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131, 137-39 (1st Cir.1984); Hartford Accident & Indem. Ins. Co. v. Washington Nat'l Ins. Co., 638 F.Supp. 78, 85 (N.D.Ill.1986). Considering the plain meaning of "direct loss" and that authority, we conclude that "direct loss" is much narrower than proximately caused loss.
 
 
 5
 Thus, the bond issued by Fidelity did not cover all proximately caused loss, but covered only the direct loss from USB's criminal acts. That means only the money improperly disbursed from the bank to McCarty. See First American, 971 F.2d at 218. All of the other losses involved the presence of an intervening factor and went beyond the amount disbursed. Therefore, the unpaid claimed amounts were not direct losses and were not covered by the bond.[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 * Hon. H. Robert Mayer, United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 While our decision need not rest upon it, we are satisfied that the various fines and penalties to which USB has been subjected would be excluded from coverage in any event. See Cal. Ins.Code § 533; Cal. Civ.Code § 3294(b); Kelly-Zurian v. Wohl Shoe Co., 22 Cal.App. 4th 397, 419-21, 27 Cal.Rptr.2d 457, 468-69 (1994); City Prods. Corp. v. Globe Indem. Co., 88 Cal.App.3d 31, 35, 151 Cal.Rptr. 494, 496 (1979)